UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN DRESSLER,

        Plaintiff,                          Hon. Ellen S. Carmody

v.                                              Case No. 1:14-cv-616

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act. On September 3, 2014, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (Dkt. #7).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons articulated herein, the Commissioner's decision is **vacated and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 31 years of age on his alleged disability onset date.  (Tr. 128).  He successfully completed high school and previously worked as a hi-lo operator and construction laborer.  (Tr. 25, 54).  Plaintiff applied for benefits on January 4, 2011, alleging that he had been disabled since September 8, 2008, due to back pain, a pinched nerve, and spinal stenosis.  (Tr. 128-33, 158).  Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (Tr. 62-127). On October 12, 2012, Plaintiff appeared before ALJ William Reamon with testimony being offered by Plaintiff and a vocational expert.  (Tr. 31-58).  In a written decision dated January 4, 2013, the ALJ determined that Plaintiff was not disabled.  (Tr. 15-26).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  (Tr. 1-5).  Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) status post lumbar laminectomy at the lower back with left leg pain; (2) congenitally narrow spinal canal; (3) scar tissue presence with neural foraminal narrowing; and (4) morbid obesity, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 17-19).

With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform light work[2] subject to the following limitations: (1) during an 8-hour workday with normal breaks, Plaintiff can sit for 6 hours and stand/walk for 4 hours; (2) he requires a "15 minutes sit/stand option"; (3) he can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps/stairs; (4) he can occasionally balance, stoop, kneel crouch, and crawl; (5) he must avoid concentrated exposure to extreme cold, heat, fumes, dusts, odors, gases, and poor ventilation; and (6) he must avoid all exposure to unprotected heights. (Tr. 19).

The ALJ found that Plaintiff cannot perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a

---

[2] Light work involves lifting "no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567. Furthermore, work is considered "light" when it involves "a good deal of walking or standing," defined as "approximately 6 hours of an 8-hour workday." 20 C.F.R. § 404.1567; Titles II and XVI: Determining Capability to do Other Work - the Medical-Vocational Rules of Appendix 2, SSR 83-10, 1983 WL 31251 at *6 (S.S.A., 1983); *Van Winkle v. Commissioner of Social Security*, 29 Fed. Appx. 353, 357 (6th Cir., Feb. 6, 2002).

vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 10,500 jobs in the state of Michigan which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (Tr. 53-55). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

I.        **Plaintiff's Credibility**

At the administrative hearing, Plaintiff testified that he experiences "constant" pain "every day." (Tr. 39). Plaintiff testified that his pain ranged from 6-10, on a 1-10 scale. (Tr. 39). Plaintiff testified that his ability to move and function was far more limited than the ALJ recognized. (Tr. 39-53). Plaintiff argues that he is entitled to relief because the ALJ's rationale for discounting his testimony is not supported by substantial evidence.

6

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to

resolve the significant conflicts in the administrative record." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

In support of his decision to discount Plaintiff's credibility, the ALJ noted that the medical record did not support Plaintiff's allegation that he experiences constant pain. (Tr. 20). This is supported by the results of numerous physical examinations which noted that Plaintiff was not experiencing pain or in acute distress. (Tr. 282-301). Moreover, at least one examiner reported "some inconsistency" in Plaintiff's pain response to certain physical maneuvers. (Tr. 394). The ALJ also properly noted Plaintiff's poor work history. *See, e.g., Matula v. Commissioner of Social Security*, 2013 WL 6713829 at *7 (E.D. Mich., Dec. 20, 2013) (it is "appropriate for ALJ to consider poor work history when evaluating credibility"). Finally, the ALJ noted Plaintiff's drug-seeking behavior, noting that Plaintiff had been discharged from one physician's practice for abusing narcotic

8

pain medication and using illicit drugs. (Tr. 287). In sum, the ALJ's decision to discount Plaintiff's credibility is supported by substantial evidence. Accordingly, this argument is rejected.

**II.        Lay Witness Evidence**

In support of his application for benefits, Plaintiff submitted a statement authored by his wife in which she asserts that Plaintiff is far more limited than the ALJ concluded. (Tr. 223-25). Plaintiff argues that the ALJ improperly discredited his wife's statements.

The ALJ noted that the statement in question contained the type of observations and conclusions that one would expect from a medical professional. (Tr. 21). The ALJ discounted these observations, however, on the ground that Plaintiff's wife "does not have any apparent medical training to offer this type of testimony." (Tr. 21). Plaintiff argues in his brief to this Court that his wife, in fact, received a "Medical Assistant Certificate," thereby rendering her qualified to offer medical opinions. This argument fails for two reasons. First, a medical assistant is not an acceptable medical source. *See* 20 C.F.R. §§ 416.902, 416.913. More importantly, there is nothing in the record establishing that Plaintiff's wife may have received medical training. Thus, the ALJ's criticism was appropriate given the evidence at his disposal.

Opinions expressed by non-treating sources such as a claimant's spouse are not entitled to any deference and the ALJ is not required to articulate good reasons for discounting such. *See, e.g., Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir. 2007). Instead, the ALJ is simply required to consider such opinions and accord such the weight he finds appropriate. *See, e.g., Engebrecht v. Commissioner of Social Security*, 572 Fed. Appx. 392, 397-98 (6th Cir., July

9

14, 2014). The ALJ considered the opinions in question and afforded such limited weight for reasons supported by the record. Accordingly, this argument is rejected.

**III.       The Treating Physician Doctrine**

Plaintiff alleges that he is entitled to relief because the ALJ failed to properly assess the opinions expressed by several of his treating physicians. The Court is not persuaded.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*,

839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

A. Dr. Hunter Brumblay

Plaintiff asserts that the ALJ "never considered" a "Disability Slip" in which Dr. Brumblay asserted that Plaintiff is "completely disabled." Plaintiff has failed to identify the location of this evidence in the record and the Court is unable to locate such. This is of no consequence as the opinion by a care provider that a claimant is "disabled" is entitled to no weight because the determination of disability is a matter reserved to the commissioner. *See* 20 C.F.R. § 416.927(d)(1). Thus, even if the opinion in question was presented to the ALJ, he did not err by ignoring such. Accordingly, this argument is rejected.

11

B.     Dr. John Walstrum

On December 30, 2010, Dr. Walstrum completed a brief form in which he asserted that Plaintiff could only occasionally lift/carry10 pounds, but could never lift/carry 20 pounds. (Tr. 429). With respect to Plaintiff's ability to stand, walk, and sit, Dr. Walstrum simply responded, "disabled." (Tr. 429). The ALJ discounted this opinion on the ground that it was inconsistent with the doctor's own treatment notes. (Tr. 22-23). This determination is supported by substantial evidence as the doctor's treatment notes do not reveal findings which support the opinion in question. (Tr. 282-301). Moreover, the doctor's opinion that Plaintiff is "disabled" is entitled to no weight. This argument is, therefore, rejected.

C.     Dr. Donald Harrell

On September 21, 2012, Dr. Harrell completed a report regarding Plaintiff's physical residual functional capacity. (Tr. 511-15). The doctor concluded that Plaintiff was far more limited than the ALJ determined. Specifically, the doctor reported that Plaintiff can occasionally lift/carry 10 pounds, but can never lift/carry 20 pounds. (Tr. 511). The doctor reported that Plaintiff can stand and walk for only one hour each during the work day. (Tr. 511). The doctor also reported that Plaintiff can never stoop, squat, kneel, crouch, crawl, or reach above shoulder level. (Tr. 512).

The ALJ discounted Dr. Harrell's opinion on the ground that such is not supported by the doctor's own treatment notes. (Tr. 21). This conclusion is supported by substantial evidence. (Tr. 465-510). The ALJ also noted that the doctor "appears to uncritically accept the claimant's subjective allegations." (Tr. 21). This conclusion is likewise supported by Dr. Harrell's treatment notes which consist of little more than a recitation of Plaintiff's subjective allegations. (Tr. 465-

510). The ALJ also noted that Dr. Harrell's opinion contrasts with the medical evidence suggesting that Plaintiff's back surgery was successful and resulted in a significant diminution of Plaintiff's pain. (Tr. 234-35, 247, 283, 290, 298, 401, 432-34). Finally, the Court notes that Dr. Harrell reported that the limitations he identified in his report were in effect since September 2008, which is almost three years *before* Plaintiff even began treating with Dr. Harrell. (Tr. 511-15). Accordingly, this argument is rejected.

IV.        **Section 1.04 of the Listing of Impairments**

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled. Plaintiff asserts that he is entitled to relief because the ALJ's determination that he does not satisfy Section 1.04 of the Listing of Impairments is not supported by substantial evidence. The Court agrees.

Section 1.00 of the Listing addresses disorders of the musculoskeletal system, including those resulting from "degenerative processes, traumatic or developmental events." 20 C.F.R., Part 404, Subpart P, Appendix 1, § 1.00. Plaintiff asserts that she satisfies Sections 1.04(A) and 1.04(C) which provide as follows:

> *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture) resulting in compromise of a nerve root. . .or the spinal cord.
>
> [Combined w]ith:
>
> A.    Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of

13

>    motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.[3]

20 C.F.R., Part 404, Subpart P, Appendix 1, § 1.04.[4]

On April 22, 2011, Plaintiff participated in an MRI examination of his lumbar spine the results of which revealed that Plaintiff suffers from "severe" spinal canal stenosis at L2-L3 and L5-S1 as well as "severe left L4 neural foraminal stenosis, compressing the left L4 nerve root." (Tr. 364). The ALJ, however, seemingly ignored this particular item of evidence, concluding instead that Plaintiff has failed to submit "any" evidence that he satisfies Listing 1.04. (Tr. 18). To be clear, not

---

[3] Section 1.00(B)(2)(b) defines "inability to ambulate effectively" as "an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities." 20 C.F.R., Part 404, Subpart P, Appendix 1, § 1.02(B)(2)(b)(1). Ineffective ambulation "is defined generally as having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." *Id.* To ambulate effectively, claimants "must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out the activities of daily living." 20 C.F.R., Part 404, Subpart P, Appendix 1, § 1.02(B)(2)(b)(2).

[4] Plaintiff does not specify which subsection(s) of Listing 1.04 he satisfies, but he appears to argue that he satisfies sections 1.04A and/or 1.04C. There does not appear to be anything in the record suggesting that Plaintiff suffers from spinal arachnoiditis as required by section 1.04B.

only did the ALJ fail to discuss the April 22, 2011 MRI in the context of Plaintiff's claim that he satisfies Listing 1.04, the ALJ fails to mention this item of evidence anywhere in his decision.

The Court realizes that the ALJ does not necessarily have to specifically identify and discuss every item of evidence in the record. Nevertheless, the ALJ must actually consider the entire record. *See, e.g., Henry v. Commissioner of Social Security*, 973 F.Supp.2d 796, 803 (N.D. Ohio 2013) (the ALJ "must consider the entire case record, including the objective medical evidence..."); *Hairston v. Commissioner of Social Security*, 2015 WL 4633935 at *14 (E.D. Mich., Aug. 3, 2015) (an ALJ "may not cherry-pick facts to support a finding of non-disability while ignoring evidence that points to a disability finding"). The ALJ's failure to discuss such a significant item of evidence, when considered in light of the inaccurate statement that Plaintiff did not present "any" evidence in support of this claim, suggests that the ALJ, in fact, failed to even consider this item of evidence.

Plaintiff bears the burden to demonstrate that he satisfies the requirements of a listed impairment. *See Kirby v. Comm'r of Soc. Sec.*, 2002 WL 1315617 at *1 (6th Cir., June 14, 2002). The Court cannot say that consideration of the April 22, 2011 MRI is sufficient for Plaintiff to carry his burden in this regard as this would require the type of fact-finding and evidence assessment that this Court is not qualified or authorized to undertake. However, the ALJ's failure to account for a significant item of evidence supporting Plaintiff's claim leads the Court to conclude that the ALJ's determination that Plaintiff does not satisfy Listing 1.04 is not supported by substantial evidence.

**V.       Remand is Appropriate**

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved"

and "the record adequately establishes [his] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013).  This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644.

The record fails to establish that Plaintiff is entitled to an award of benefits as there does not exist overwhelming evidence that he is disabled.  Moreover, resolution of Plaintiff's claim requires the resolution of factual disputes which this Court is neither authorized nor competent to undertake in the first instance.  The Court concludes, therefore, that the Commissioner's decision must be vacated and this matter remanded for further factual findings.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence.  Accordingly, the Commissioner's decision is **vacated and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.  A judgment consistent with this opinion will enter.


Date:  November 5, 2015                                    /s/ Ellen S. Carmody
                                                                                   ELLEN S. CARMODY
                                                                                    United States Magistrate Judge